IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RANDY MITCHELL,

                    Plaintiff

        VS.                                    NO. 5:06-CV-378 (CAR)

CHARLES GIBBS,

                    Defendant            **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                         **BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is defendant CHARLES GIBBS' Motion to Dismiss the above-styled action

pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") and for

failure to state a claim upon which relief can be granted. Tab #9. Gibbs' motion is supported by

an attached brief and a number of exhibits. Plaintiff RANDY MITCHELL has responded to the

defendants' motion.

### THREE STRIKES

In an effort to curtail frivolous prisoner litigation, congress enacted the PLRA, which

includes the following "three strikes" provision:

> *In no event shall a prisoner bring a civil action or appeal a judgment in a civil*
> *action or proceeding under this section if the prisoner has, on 3 or more prior*
> *occasions, while incarcerated or detained in any facility, brought an action or*
> *appeal in a court of the United States that was dismissed on the grounds that it is*
> *frivolous, malicious, or fails to state a claim upon which relief may be granted,*
> *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. §1915(g).

Defendant Gibbs alleges that plaintiff Mitchell has had four previous suits dismissed as frivolous; the defendant requests that the instant case be dismissed for the plaintiff's failure to pay the requisite filing fee. In support of his argument, Gibbs provides evidence of three previous lawsuits and one appeal that Mitchell has filed while incarcerated. Plaintiff Mitchell disputes whether three of those previous cases should be considered "frivolous, malicious, or fail[ing] to state a claim upon which relief can be granted."

### Strike 1

Plaintiff admits that *Mitchell v. Dorsey*, 1:99-CV-2878 (Tab #9-6), should count as a strike. Plaintiff's response to defendant's Motion to Dismiss, Tab #12 at 2. .

### Strike 2

In *Mitchell v. Miller, et al.*, 4:99-CV-80, the plaintiff's complaint was dismissed as **frivolous** on February 7, 2000. Tab #9-3. The plaintiff argues that the court should find the district court's finding of frivolity erroneous; his argument is not convincing.

### Remaining Cases

In *Mitchell v. Akintobi, et al.*, 5:02-CV-238, the Eleventh Circuit court granted the plaintiff's Motion for Voluntary Dismissal *before* the appeal was ruled on. Tab #9-3. Accordingly, that dismissal should *not* be counted as a strike for PLRA purposes.[1] *See* ***Bea v. Doe***, 401 F. Supp. 2d 538, 539 (E. D. Va. 2005) (finding that a voluntary dismissal prior to final judgment should not be included in a three strikes calculation).

---

[1] It is noted that the circuit court's order dismissing the case was entered less than a month after he appealed the judgment of the district court. Mitchell therefore did not cause any undue delay in the proceedings which might be a cause for finding a voluntary dismissal frivolous.

In *Mitchell v. Ray, et al.*, 1:01-CV-1301, the district court dismissed the plaintiff's claim as moot after the defendants remedied the plaintiff's claim. Because the plaintiff had an actionable claim when he filed the suit, it would be erroneous to count such a dismissal as a strike.

Accordingly, the undersigned finds that plaintiff Mitchell has only **TWO** strikes against him, and that he is properly proceeding *in forma pauperis* in the instant case.[2]


## FAILURE TO STATE A CLAIM

Defendant Gibbs has also alleged that plaintiff has failed to state a claim upon which relief can be granted, stating that "[e]ven viewing all of the Plaintiff's allegations as true, he fails to state a claim that a constitutional right has been violated." Defendant's brief in support of Motion to Dismiss, Tab #9-2 at 8. The undersigned disagrees.

Plaintiff Mitchell has alleged that after he told defendant Gibbs, an officer in the prison in which the plaintiff was housed, that his roommate was "acting crazy trying to make [Mitchell] do homosexual activity," Gibbs told him to go to the back of his cell. Mitchell claims to have told Gibbs that he "wanted to stay up front where [Gibbs] was for [Mitchell's] safety." Complaint, Tab #1 at 6. Mitchell was later attacked by his roommate.

A complaint need not demonstrate all evidence a party intends to include in his case, but rather it must contain a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Defendant Gibbs attempts to make a case that based on the information contained in the complaint, there is no set of circumstances under which he could be found to have violated the plaintiff's Eighth

---

[2]Because the undersigned finds that the plaintiff is properly proceeding IFP, there is no need to discuss whether the plaintiff has alleged that he is under imminent danger of serious physical injury.

Amendment right to be free of cruel and unusual punishment because Mitchell has not demonstrated a set of facts that would show that Gibbs knew of and disregarded an excessive risk to Mitchell's safety. The undersigned disagrees, as the plaintiff has alleged in his complaint that he did tell defendant Gibbs that he feared for his safety.[3]

## CONCLUSION

Because the plaintiff has stated a claim for relief and has not violated the "three strikes" provision of the PLRA, IT IS RECOMMENDED that the defendant's Motion to Dismiss be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 23rd day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]The undersigned makes no finding as to the merits of the claim.