IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RANDY D. MITCHELL,

                Plaintiff

VS.

OFFICER GIBBS,

                Defendant

NO. 5:06-CV-378 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff RANDY D. MITCHELL is an inmate in the custody of the State of Georgia. He has sued defendant GIBBS, a correctional officer, alleging that the defendant violated his constitutional rights. Specifically, plaintiff contends that the defendant, after being notified by plaintiff that his cell-mate was "acting crazy," violated his constitutional rights by failing to promptly remove him from the cell. Plaintiff Mitchell further contends that, as a result of the defendant's inaction, he sustained bruises to his head and face and a cut on his lip when subsequently assaulted by his cell-mate.

Currently pending before the court is plaintiff's **MOTION FOR SUMMARY JUDGMENT**. Tab #33. This motion is supported by a statement of facts and several affidavits. Also pending before the court is defendant's **CROSS MOTION FOR SUMMARY JUDGMENT**. Tab #38. Defendant's motion is also supported by a statement of facts and several affidavits. Both parties have filed responses to one another's motions.

## LEGAL STANDARDS

### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

### C. Failure To Protect From Danger

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

### FACTUAL BACKGROUND

The facts, taken in the light most favorable to plaintiff MITCHELL, are as follows: On April 28, 2007, plaintiff requested voluntary cell reassignment on the basis that he could not get along with his cell mate. Plaintiff, also on April 28, 2007, was assigned to a cell within the G-2 segregation unit of the prison. Upon entering the cell, the inmate therein, one Darius Curney, complained that he did not like plaintiff and did not want to be in the same cell with him. Later, on May 1, 2007, plaintiff MITCHELL notified defendant GIBBS that his cell-mate, Darius Curney, was "acting crazy." Plaintiff also indicated that he wanted to be removed from the cell. Immediately after this discussion with plaintiff, and per facility Post Orders, defendant GIBBS attempted to contact his supervisor Lt. Nash by radio to discuss plaintiff's concerns.[2] Another supervisor, Lt. Kitchens, answered the radio transmission and then called GIBBS on the telephone located in the unit's control booth to discuss the issue.

Immediately after speaking with Lt. Kitchens by telephone, defendant GIBBS returned to plaintiff's cell where he found inmate Curney and plaintiff MITCHELL striking each other. After the two were separated, MITCHELL was taken to the infirmary where he was treated for a bruise on his right shoulder, a bruise to his right eyebrow, an abrasion to his elbow and a minor cut lip.

- 3 -

---

[2] According to the Hancock State Prison Post Orders for Segregation G-2, for the safety of the officer and inmate, an officer is not permitted to open or enter segregation inmate cells without authorization from a supervisor. (Exhibit "B", Frazier Affidavit, ¶ 6, Attachment 1).

DISCUSSION

Defendant, in his CROSS MOTION FOR SUMMARY JUDGMENT, contends that plaintiff has failed to state a constitutional claim. The undersigned agrees. In order to state a claim for failure to protect, an inmate must demonstrate that the defendant prison official was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970 (1994). Upon consideration of the facts outlined above, it is clear that plaintiff has failed to show that there was a *substantial* risk of serious harm and that defendant was deliberately indifferent thereto.

Even if the court were to assume that plaintiff's statements to the defendant put the defendant on notice of a substantial risk of serious harm to the plaintiff, defendant GIBBS' subsequent actions cannot be classified as deliberately indifferent. On the contrary, the fact that defendant GIBBS *immediately* took steps to deal with plaintiff's complaint (by contacting his supervisor to advise of plaintiff's complaint) indicates that he was attentive to plaintiff's plight. While it is unfortunate that within moments of the plaintiff's conversation with the defendant, and during defendant's conversation with his supervisor, an altercation erupted between plaintiff and his cell mate, it cannot be said that defendant GIBBS bears any responsibility therefor. In short, defendant GIBBS did all that was required of him under the circumstances. There is no indication whatsoever that he acted improperly or with a motive other than to protect plaintiff MITCHELL.

Accordingly, IT IS RECOMMENDED that plaintiff's MOTION FOR SUMMARY JUDGMENT be DENIED and that defendant's CROSS MOTION FOR SUMMARY JUDGMENT be **GRANTED.** Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 12th day of AUGUST, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE