IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RANDY MITCHELL, | : |
| Plaintiff, | : |
| vs. | : 5:06-cv-378 (CAR) |
| CHARLES GIBBS, | : |
| Defendant. | : |

## *ORDER ON THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is a Report and Recommendation for United States Magistrate Judge Claude W. Hicks, Jr., (Doc. 59) that recommends denying Plaintiff's Motion for Summary Judgment (Doc. 33) and granting Defendant's Motion for Summary Judgment (Doc. 38). Defendant has filed an Objection, and pursuant to 28 U.S.C. § 636(b)(1), the Court has made a de novo determination of the portions of the Recommendation to which Defendant objects. For the reasons explained herein, the Recommendation is **ACCEPTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**.

## DISCUSSION

In his Objection, Plaintiff takes issue with the Magistrate Judge's characterization of the relevant facts in the case and asserts the Magistrate Judge failed to view the facts in the light most favorable to the Plaintiff. Accordingly, the Court has throughly reviewed the evidence submitted in the case and finds as follows. It is undisputed that Plaintiff was

reassigned to segregation on April 28, 2006, and was placed in a cell with Inmate Darius Curney. Upon entering the cell, Curney complained about having Plaintiff assigned to his cell and according to Plaintiff became physically agitated. From the Court's review of the affidavits submitted, it does not appear that Plaintiff asked to be removed from the cell at this time.

Three days later, on May 1, 2006, Plaintiff stopped Defendant and informed him that he needed to be removed from the cell because his cellmate was "acting crazy." Plaintiff also alleges that he informed Defendant that his cellmate was attempting to engage in homosexual activity and he feared for his safety. Defendant did not immediately remove Plaintiff from his cell but rather turned and walked away.

Defendant then alleges that he contacted his supervisor by radio transmission to discuss Plaintiff's request to be removed from his cell. While Plaintiff insists that Defendant failed to contact anyone regarding the situation while he was in the vicinity of Plaintiff's cell, Defendant did not specify where he was located when this radio transmission took place. Thus, Plaintiff has no personal knowledge and has presented no evidence of Defendant's actions after Defendant left the vicinity of Plaintiff's cell. Accordingly, viewing the evidence in the light most favorable to Plaintiff, the Court finds Defendant left the vicinity of Plaintiff's cell without contacting his supervisor, but at some time thereafter contacted his supervisor to discuss the situation.

Regardless of when Defendant contacted his supervisor, the only evidence before the Court shows that Defendant's supervisor contacted Defendant by telephone to discuss Plaintiff's request. Plaintiff argues in his Objection that "plaintiff clearly stated that Defendant called no one on the radio at plaintiff's cell, and therefore no supervisor would

have had a reason to call defendant on telephone in control booth to discuss the issue;" however his argument is based on nothing more than conjecture as there is absolutely no evidence that disputes Defendant's assertion that his supervisor contacted him by telephone to discuss Plaintiff's request. Furthermore, it is not a reasonable inference to assume Defendant's supervisor had no reason to contact Defendant based on the mere fact that Defendant did not contact his supervisor while standing at Plaintiff's cell. As addressed above, the evidence before the Court shows Defendant left the vicinity of Plaintiff's cell without contacting his supervisor, but at some time thereafter contacted his supervisor to discuss the situation.

After discussing the situation with his supervisor, Defendant returned to Plaintiff's cell where he observed that Plaintiff had been struck by Inmate Curney. There is no allegation that Defendant hesitated to respond to the situation, and there is no allegation that Plaintiff recieved the medical attention required.

As explained by the Magistrate Judge, to sustain his claim Plaintiff must establish that the prison official in question both was aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Even if the Court assumes Plaintiff's statements to Defendant regarding his cell mate put Defendant on notice of a substantial risk of serious harm, Plaintiff has provided no evidence to show that Defendant failed to take reasonable measure to respond to the risk. In fact, the evidence before the Court shows Defendant quickly responded to Plaintiff's request by contacting his supervisor to discuss removing Plaintiff from the cell. Accordingly, the Recommendation is **ACCEPTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary

Judgment is **GRANTED**.

**SO ORDERED**, this 9th day of September, 2008.

<u>S/ C. Ashley Royal</u>

C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SCS/ssh