IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RANDY MITCHELL, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:06-CV-378 (CAR) |
| CHARLES GIBBS, | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 65) and Plaintiff's Supplemental Motion for Reconsideration (Doc. 67). As explained below, Plaintiff's Motions are both **DENIED**.

Reconsideration of a previous order is an extraordinary remedy, and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993); Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Motions for reconsideration serve a "narrow purpose," namely, to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." Groover v. Michelin N. Am., Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). Accordingly, reconsideration is appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In this case, Plaintiff cites three reasons why reconsideration is appropriate in this case. First, Plaintiff argues that there is no evidence of when Defendant contacted his supervisor to discuss Plaintiff's request to be moved, so the Court's finding that the Defendant quickly responded to Plaintiff's request is clear error. As explained by the Court in its prior Order, Defendant states in his Affidavit that he contacted his supervisor by radio transmission to discuss Plaintiff's request to be removed from his cell, spoke to his supervisor about the situation for less than three minutes, and them immediately returned to Plaintiff's cell. Accordingly, there is evidence that Defendant quickly responded to Plaintiff's request.

Second, Plaintiff argues that the Court erred because it did not address Plaintiff's argument that Defendant was deliberately indifferent for leaving Plaintiff alone in his cell. Again, as explained in the Court's prior Order, to sustain a deliberate indifference claim a plaintiff must establish that the prison official in question both was aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Although Defendant may not have done everything exactly the way Plaintiff would have preferred, Defendant's actions cannot be classified as deliberately indifferent.

Third, Plaintiff claims that in paragraph twelve of Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, he states that "Defendant stated under oath that Defendant called Lt. Kitchens from the control booth." Because the Court found that there was no evidence that disputed Defendant's assertion that his supervisor contacted him by telephone, Plaintiff argued the Court erred. Upon review of Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (Doc. 41-3), the Court can find no such statement. The document to which Plaintiff refers contains eight paragraphs and primarily consists of short statements admitting various

2

allegations asserted by Defendant.

As explained herein, Plaintiff's Motion for Reconsideration (Doc. 65) and Plaintiff's Supplemental Motion for Reconsideration (Doc. 67) are **DENIED**.

**SO ORDERED** this 11th day of November, 2008.

/s/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SCS/ssh